THIS ORDER IS
A PRECEDENT OF
THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

mbm

August 26, 2020

Opposition No. 91240829

*STX Financing, LLC*

*v.*

*Stacey Michelle Terrazas*

**Mary Beth Myles, Interlocutory Attorney:**

This opposition to Applicant's BAD MOMS UNLIMITED and BAD MOMS BIBLE marks now comes before the Board for consideration of Opposer's motion (filed February 11, 2020)[1] to strike each of Applicant's exhibits in her February 4, 2020 notice of reliance. The motion is fully briefed.[2]

## I. Opposer's Motion to Strike Applicant's Notice of Reliance

Applicant's notice of reliance consists of the following: (1) copies of third-party registrations and applications obtained from the USPTO's Trademark Electronic Search System ("TESS") database; (2) selected pages from Office Actions from the file history of Opposer's pleaded pending applications obtained from the Trademark

---

[1] 35 TTABVUE.

[2] Applicant's change of correspondence address, filed March 20, 2020, is noted. Board records have been updated accordingly.

Status and Document Retrieval ("TSDR") database; (3) screenshots of various websites; and (4) Opposer's responses to Applicant's First Set of Interrogatories.[3]

## A. Exhibit A—Third-Party Registrations and Applications

Applicant identified and attached screenshots of third-party registrations and applications obtained from the TESS database as Exhibit A to her notice of reliance.[4] Copies of third-party applications or registrations are admissible under notice of reliance as official records under Trademark Rule 2.122(e)(1), 37 C.F.R. § 2.122(e)(1). *See Weider Pubs., LLC v. D&D Beauty Care Co.*, 109 USPQ2d 1347, 1350 (TTAB 2014) (copies of third-party applications are official records and may be submitted under 37 C.F.R. § 2.122(e)); *Rocket Trademarks Pty. Ltd. v. Phard S.p.A.*, 98 USPQ2d 1066, 1070 n.11 (TTAB 2011) (third-party registrations admissible under 37 C.F.R. § 2.122(e)); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") §§ 704.03(b)(1)(B) (third-party registration) and 704.03(b)(2) (application not subject of proceeding) (2020). Trademark Rule 2.122(e)(1) provides, in relevant part, that the notice of reliance "be accompanied by the official record or a copy thereof."

Opposer argues that the TESS screenshots are not copies of the applications or registrations themselves, but rather internet materials that must include the date the material was accessed and printed and the source.[5] The argument is without

---

[3] 34 TTABVUE.

[4] 34 TTABVUE 2-5, 12-39.

[5] 35 TTABVUE 2-3.

basis. Trademark Rule 2.122(e) provides that "official records" may be introduced by notice of reliance. USPTO official records, such as printouts of application or registration information from TESS or TSDR, and the records thereof, fall within the meaning of "official records."[6] *See Corporacion Habanos, S.A. v. Anncas, Inc.*, 88 USPQ2d 1785, 1788 (TTAB 2008). *See also* TBMP § 704.03(b)(1) and authorities cited therein.

Inasmuch as TESS printouts of third-party applications and registrations are admissible as official records under Trademark Rule 2.122(e)(1), there is no requirement that the submission also meet the requirements for internet materials under Trademark Rule 2.122(e)(2). It therefore was not necessary for Applicant to provide the access date or URL for any of the third-party applications or registrations in Exhibit A. Applicant clearly provided a "copy" of the records obtained from TESS, which is all that is required.

Additionally, Opposer argues that Applicant failed to indicate the relevance of the material being offered as required by Trademark Rule 2.122(g), 37 C.F.R. § 2.122(g). Under Trademark Rule 2.122(g), a notice of reliance must indicate generally the relevance of the evidence and associate it with one or more issues in the proceeding. Specifically, the offering party must associate the materials with a particular element of a claim or relevant fact. *Barclays Capital Inc. v. Tiger Lily Ventures Ltd.*, 124 USPQ2d 1160, 1164 (TTAB 2017) ("offering party should associate the materials with

---

[6] By contrast, a mere list of third-party marks downloaded from Office database does not make registrations or applications of record. *See, e.g.*, *Edom Labs. Inc. v. Lichter*, 102 USPQ2d 1546, 1550 (TTAB 2012); TBMP § 704.03(b)(1)(B).

a specific factor relevant to a specific and pleaded claim or defense, or a specific fact relevant to determining a particular claim or defense… .") (citing *Safer, Inc. v. OMS Invs., Inc.*, 94 USPQ2d 1031, 1039 (TTAB 2010) ("[I]t is not sufficient for the propounding party to broadly state that the materials are being submitted to support the claim that there is (or is not) a likelihood of confusion ….")); *FUJIFILM SonoSite, Inc. v. Sonoscape Co., Ltd.*, 111 USPQ2d 1234, 1236 (TTAB 2014) (holding that notice of reliance should associate materials with specific likelihood of confusion factor).

The Board finds that Applicant failed to comply with Trademark Rule 2.122(g) because Applicant only stated broadly that the exhibit is offered "to show no likelihood of confusion and/or dilution."[7] Applicant, therefore, failed to associate the exhibit with a specific fact or a particular element of the claim of likelihood of confusion or dilution as required by Trademark Rule 2.122(g). Trademark Rule 2.122(g) provides that "[f]ailure to identify the relevance of the evidence, or associate it with issues in the proceeding, with sufficient specificity is a procedural defect that can be cured by the offering party within the time set by Board order." 37 C.F.R. § 2.122(g).

Accordingly, Opposer's motion to strike is **granted** with respect to Exhibit A, with leave to cure, based on failure to identify the relevance with sufficient specificity. Applicant is allowed until **fifteen days** from the date of this order in which to file and serve an amended notice of reliance in compliance with Trademark Rule 2.122(g), indicating the relevance of the evidence with sufficient specificity.

---

[7] 34 TTABVUE 2.

**B. Exhibit B—Office Actions**

Applicant identified and submitted selected pages of Office Actions from the file history of Opposer's pleaded applications as Exhibit B of her notice of reliance.[8] Opposer moves to strike Exhibit B on the ground that Applicant did not include the entire Office Actions, but only attached screenshots of excerpts of them.[9]

The file history of an application, or a portion thereof, may be submitted under notice of reliance as an official record under Trademark Rule 2.122(e)(1). *See* TBMP § 704.03(b)(2) and authorities cited therein. There is no requirement in Trademark Rule 2.122(e)(1), that a party submit the entirety of the file history of a registration. *Cf. Kohler Co. v. Baldwin Hardware Corp.*, 82 USPQ2d 1100, 1103 (TTAB 2007) (portion of the file history of petitioner's pleaded registration submitted); *Weyerhaeuser Co. v. Katz*, 24 USPQ2d 1230, 1231 n.1 (TTAB 1992) (copy of drawing from abandoned application admissible).

Opposer also identifies what appears to be typographical errors in Applicant's notice of reliance. Specifically, items 10-12 of Exhibit B are identified as pages from the file history of "Serial No. 91250028,"[10] which is not a valid application serial number. In her response, Applicant explains that the number was provided in error

---

[8] 35 TTABVUE 5-6, 40-52.

[9] 34 TTABVUE 3-4. Opposer erroneously cites TBMP § 704.08(b) in support of its argument that Applicant was required to submit complete copies of the Office Actions. TBMP § 704.08(b) discusses internet materials and is inapplicable here where the Office Actions are submitted as official records in compliance with Trademark Rule 2.122(e)(1).

[10] 34 TTABVUE 6.

and the correct serial number is 87562696.[11] Notwithstanding the typographical error in the notice of reliance, the correct serial number is apparent from a review of the exhibit. Thus, we do not consider the typographical error to be a basis for refusing to consider the evidence actually provided in the notice.[12] *Cf. Cadbury UK Ltd. v. Meenaxi Enter., Inc.*, 115 USPQ2d 1404, 1408 (TTAB 2015) ("The Board expects that when there is an obvious and inadvertent typographical error in any . . . filing—particularly where, as here, the intended meaning was clear—the parties will not require the Board's intervention to correct the mistake.").

In view of the foregoing, Opposer's motion to strike is **denied** with respect to Exhibit B.

### C. Exhibits C and D—Internet Materials

Exhibits C and D to Applicant's notice of reliance consist of screenshot excerpts of webpages.[13] Each exhibit clearly contains the URL for the specific webpage on the face of the exhibit. None of the exhibits themselves indicate the date the webpages were accessed or printed; however, in the pages initially identifying the exhibits, the notice of reliance states that the webpages were accessed and printed on January 30, 2020.[14] Opposer argues that internet materials must include the date of publication

---

[11] 37 TTABVUE 6.

[12] In its motion to strike, Opposer also states that it was unable to identify the document numbers Applicant listed in her notice of reliance. 35 TTABVUE 4. In her response to the motion, Applicant explained that the document numbers refer to the Bates stamp numbers affixed to the documents produced during discovery. 37 TTABVUE 6.

[13] 34 TTABVUE 6-9, 53-65; 9-10, 66-68.

[14] 34 TTABVUE 6, 9.

or access on their face to be admissible under a notice of reliance.[15] That is not the case.

The Board held in *Safer*, 94 USPQ2d at 1039, that "if a document obtained from the Internet identifies its date of publication or date that it was accessed and printed, and its source (e.g., the URL), it may be admitted into evidence pursuant to a notice of reliance in the same manner as a printed publication in general circulation in accordance with Trademark Rule 2.122(e)." *See also Calypso Tech., Inc. v. Calypso Capital Mgmt., LP*, 100 USPQ2d 1213, 1218 (TTAB 2011) (noting that the document itself must identify the source and the date of access or printing). *But see Rocket Trademarks Pty. Ltd.*, 98 USPQ2d at 1071 (considering exhibits submitted under notice of reliance where "[t]he URL or internet address of the documents is visible on the documents and the date the documents were accessed is either provided in the notice of reliance or on the documents.").

Effective January 14, 2017, Trademark Rule 2.122(e) was amended to codify the Board's holdings in decisions addressing the subject of admissibility of internet materials, such as *Safer* and *Rocket Trademarks*. As amended, Trademark Rule 2.122(e)(2) provides:

> Internet materials may be admitted into evidence under a notice of reliance in accordance with paragraph (g) of this section, in the same manner as a printed publication in general circulation, so long as the date the internet materials were accessed and their source (e.g., URL) are provided.

37 C.F.R. § 2.122(e)(2).

---

[15] 35 TTABVUE 4-5.

The amended rule states that internet materials may be admitted under notice of reliance so long as the access date and source "are provided." *Id.* It does not state that the material itself must include either the date of access or the source printed on its face. If the access date and source are identified clearly in the notice of reliance, the webpages are in compliance with Trademark Rule 2.122(e)(2). *Cf. Rocket Trademarks Pty. Ltd.*, 98 USPQ2d at 1071 (webpages also admissible as exhibits to testimonial deposition, even where deponent had no personal knowledge of access date or source, so long as it is possible to determine the URL and date of access); *In re Mueller Sports Med., Inc.*, 126 USPQ2d 1584, 1586 (TTAB 2018) (citing *In re Max Capital Grp. Ltd.*, 93 USPQ2d 1243, 1246 n.6 (TTAB 2010)) (noting that internet materials may be accepted where the access date and URL are provided on the webpage itself or otherwise provided in an office action or an applicant's response to an office action).

Opposer also moves to strike Exhibits C and D on the ground that Applicant did not submit complete copies of the websites, only screenshots of portions of the websites.[16] However, Trademark Rule 2.122(e)(2) provides, in relevant part, that internet materials may be submitted under notice of reliance "in the same manner as a printed publication in general circulation…." Additionally, Trademark Rule 2.122(e)(1) provides that a party may submit a "printed publication **or a copy of the relevant portion thereof**" under notice of reliance. 37 C.F.R. § 2.122(e)(1) (emphasis added). Trademark Rule 2.122(e) therefore permits submission of excerpts of internet materials. *Cf. Bd. of Trs. of the Univ. of Ala. v. Pitts*, 107 USPQ2d 2001,

---

[16] 35 TTABVUE 4-5.

2006 (TTAB 2013) ("Applicants' third-party evidence consisting of website excerpts … is clearly admissible.") (vacated pursuant to settlement on appeal).

Opposer argues that TBMP § 704.08(b) requires that the submitting party ensure the evidence submitted is complete. The TBMP is a resource and guide, but does not modify, amend, or serve as a substitute for any existing statutes, rules, or decisional law and is not binding upon the Board. *See* Introduction to TBMP. Moreover, Opposer misconstrues TBMP § 704.08(b) and the authorities cited therein, which state that it is the submitting party's responsibility to ensure that the entire exhibit is uploaded, not that each exhibit must contain a complete copy of the attached publication or webpage. *Cf. Int'l Assn. of Fire Chiefs v. H. Marvin Ginn Corp.*, 225 USPQ 940, 942 n.6 (TTAB 1985) (accepting excerpts of journal articles), *rev'd on other grounds*, 782 F.2d 987, 228 USPQ 528 (Fed. Cir. 1986).

In view of the foregoing, Opposer's motion to strike is **denied** with respect to Exhibits C and D.

### D. Exhibit E—Opposer's Responses to Applicant's First Set of Interrogatories

Applicant identified and attached copies of Opposer's responses to Applicant's First Set of Interrogatories as Exhibit E to its notice of reliance.[17] Opposer moves to strike Applicant's Exhibit E on the ground that Applicant failed to indicate the general relevance of the interrogatory answers, instead asserting broadly that the interrogatories were relevant "to show no likelihood of confusion and/or dilution." As is the case with Exhibit A discussed above, Applicant failed to associate the exhibit

---

[17] 34 TTABVUE 10, 69-82.

with a specific fact or a particular element of the claim of likelihood of confusion or dilution as required by Trademark Rule 2.122(g). *See Barclays Capital Inc.*, 124 USPQ2d at 1164.

However, as noted above, failure to identify the relevance of an exhibit to a notice of reliance is a curable defect. Accordingly, Opposer's motion to strike is **granted** with respect to Exhibit E, with leave to cure, based on failure to identify the relevance with sufficient specificity. Applicant is allowed until **fifteen days** from the date of this order in which to file and serve an amended notice of reliance in compliance with Trademark Rule 2.122(g), indicating the relevance of the evidence with sufficient specificity.

## II. Schedule

Proceedings are resumed. Applicant is allowed until **fifteen days** from the date of this order in which to file and serve an amended notice of reliance identifying with specificity the relevance of Exhibits A and E. Applicant should not resubmit its exhibits with the revised notice of reliance. Opposer's rebuttal trial period, beginning with its deadline for pretrial disclosures, and all subsequent dates are reset as follows:

| | |
|---|---|
| Plaintiff's Rebuttal Disclosures Due | 9/25/2020 |
| Plaintiff's 15-day Rebuttal Period Ends | 10/25/2020 |
| Plaintiff's Opening Brief Due | 12/24/2020 |
| Defendant's Brief Due | 1/23/2021 |
| Plaintiff's Reply Brief Due | 2/7/2021 |
| Request for Oral Hearing (optional) Due | 2/17/2021 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125, 37 C.F.R. §§ 2.121-2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b), 37 C.F.R. § 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).

**TIPS FOR FILING EVIDENCE, TESTIMONY, OR LARGE DOCUMENTS**

The Board requires each submission to meet the following criteria before it will be considered: 1) pages must be legible and easily read on a computer screen; 2) page orientation should be determined by its ease of viewing relevant text or evidence, for example, there should be no sideways or upside-down pages; 3) pages must appear in their proper order; 4) depositions and exhibits must be clearly labeled and numbered – use separator pages between exhibits and clearly label each exhibit using sequential letters or numbers; and 5) the entire submission should be text-searchable. Additionally, submissions must be compliant with Trademark Rules 2.119 and 2.126. Submissions failing to meet all of the criteria above may require re-filing. **Note:**

Parties are strongly encouraged to check the entire document before filing.[18] The Board will not extend or reset proceeding schedule dates or other deadlines to allow time to re-file documents. For more tips and helpful filing information, please visit the ESTTA help webpage.

---

[18] To facilitate accuracy, ESTTA provides thumbnails to view each page before submitting.